# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE L. STEVENS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WARDEN YATES, et al.,<br><br>　　　　Defendants.<br>_____/ | Case No. 1:12-cv-01789-SKO (PC)<br><br>SECOND SCREENING ORDER DISMISSING ACTION, WITH PREJUDICE FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT<br><br>(Doc. 12) |

**Second Screening Order**

**I.   Screening Requirement and Standard**

Plaintiff Andre L. Stevens, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 25, 2012.  On March 13, 2013, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state claim.  Plaintiff filed an amended complaint on March 21, 2013.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court

shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

**II.    Discussion**

   **A.    Allegations**

Plaintiff, who is currently incarcerated at San Quentin State Prison, brings this action against Pleasant Valley State Prison ("PVSP") Warden James Yates for violating his rights under the Eighth Amendment of the United States Constitution with respect to medical care. Plaintiff alleges that he was at PVSP for two years, where he developed a rash from valley fever which permanently scarred his body. Plaintiff alleges that prison officials know the prison is built on contaminated land, and that doctors refused to treat him. Plaintiff alleges that he exhausted the appeals process but he did not get medical treatment. Plaintiff seeks monetary damages for the violation of his rights.

### B. Legal Standard

Prisoners are entitled to medical care, and the Constitution is violated when prison officials act with deliberate indifference to an inmate's serious medical needs. *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds*, *Peralta v. Dillard*, __ F.3d __, __, No. 09-55907, 2014 WL 878830, at *3 (9th Cir. Mar. 6, 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. *Snow*, 681 F.3d at 985 (citation and quotation marks omitted); *Wilhelm*, 680 F.3d at 1122.

### C. Findings

Supervisory personnel such as Defendant Yates may not be held liable under section 1983 for the actions of subordinate employees based on *respondeat superior*, or vicarious liability. *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013); *accord Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Moss v. U.S. Secret Service*, 711 F.3d 941, 967-68 (9th Cir. 2013); *Lacey v. Maricopa County*, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Crowley*, 734 F.3d at 977 (citing *Snow*, 681 F.3d at 989) (internal quotation marks omitted); *accord Lemire*, 726 F.3d at 1074-75; *Lacey*, 693 F.3d at 915-16.

In this case, Plaintiff's allegations fail demonstrate that Defendant Yates was personally involved in denying him adequate medical care or that there exists any other causal connection

between Defendant and the violation of his constitutional rights. *Crowley*, 734 F.3d at 977; *accord Lemire*, 726 F.3d at 1074-75; *Lacey*, 693 F.3d at 915-16.

Plaintiff's amended complaint also fails to link anyone else, named or unnamed, to a violation of his rights.[1] At the pleading stage, Plaintiff's allegation that he developed a skin rash severe enough to scar his body supports the existence of an objectively serious medical condition. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000). However, Plaintiff has not alleged any facts suggesting that prison staff knowingly disregarded a substantial risk of harm to Plaintiff's health. Plaintiff's mere disagreement with the course of treatment chosen by prison doctors does not suffice to support a claim under section 1983. *Snow*, 681 F.3d 978, 987-88; *Wilhelm*, 680 F.3d at 1122-23.

### III. Conclusion and Order

Plaintiff's amended complaint fails to state a claim upon which relief may be granted for violation of the Eighth Amendment. *Lacey*, 693 F.3d at 915-16. Plaintiff was previously provided with the applicable legal standard and the opportunity to amend to state a claim, and based on the nature of the deficiencies, further leave to amend is not warranted. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez*, 203 F.3d at 1130-31; *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, this action is HEREBY ORDERED dismissed, with prejudice, for failure to state a claim under section 1983, and the Clerk of the Court shall enter judgment.

IT IS SO ORDERED.

Dated:   **April 3, 2014**                          **/s/ Sheila K. Oberto**
                                                    UNITED STATES MAGISTRATE JUDGE

---

[1] To the extent PVSP is named as a defendant, any claim against the state or its agencies is barred by the Eleventh Amendment. *E.g., Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900 (1984); *Buckwalter v. Nevada Bd. of Medical Examiners*, 678 F.3d 737, 740 n.1 (9th Cir. 2012).

4